FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                        :     Chapter 7 (Involuntary)
In re:                                    :
                                        :     Case No. 12-36868 (cgm)
      Central Park Estates, LLC,          :
                                        :
                               Debtor.     :
                                        :
----------------------------------------------------------------X

**MEMORANDUM DECISION DISMISSING INVOLUNTARY PETITION NUNC PRO TUNC AND DECLARING IT VOID AB INITIO**

**A P P E A R A N C E S :**

Raymond P. Raiche, Esq.
Bluestein, Shapiro, Rich & Barone, LLP
10 Matthews Street
Goshen, New York 10924
*Attorneys for VNB New York Corp.*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

      VNB New York Corp. argues that the involuntary petition filed by Mohamed Hussan t/a Lucky Contracting Co. ("Petitioning Creditor") is fraudulent and should be dismissed *nunc pro tunc* to the date of filing and should be void *ab initio*. The Court, after considering the papers filed in this case and having held a hearing on January 8, 2012, agrees that this involuntary petition was fraudulently filed and that dismissal *nunc pro tunc* to the date of filing and voiding this petition *ab initio* are the appropriate remedies.

**Jurisdiction**

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska

dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Background

An involuntary petition was filed on July 24, 2012. On December 6, 2012, the Court entered an Order to Show Cause why this petition should not be dismissed due to the petitioning creditor's failure to serve the summons.

On December 26, 2012, VNB New York Corp. ("VNB") appeared and filed a motion to shorten time so its motion to strike the petition as void *ab initio* would be heard on the same date as the Order to Show Cause. The Court granted the motion to shorten time and the motion to strike was filed on December 28, 2012.

According to the motion to strike, VNB is a subsidiary of Valley National Bank and holds a first mortgage lien on Debtor's real property. VNB commenced a foreclosure action against the property in New York Supreme Court on December 3, 2010. VNB was granted summary judgment and was allowed to proceed with foreclosure via court order dated January 3, 2012. The amount of the judgment was $928,217.61, including the principal balance, interest, legal fees and statutory costs. The foreclosure sale was scheduled for April 25, 2012 at 9:15 am.

On April 25, 2012, at 9:30 am, the state court referee allegedly received a fax indicating that a bankruptcy stay was in effect. *See* Mot, Ex. B., ECF No. 11. The fax attached a notice of involuntary bankruptcy, which caused the referee to cancel the pending foreclosure sale. *See* Mot., Ex. B. The creditor's attorney allegedly also received a fax to his office, which included a notice of stay purported to be signed by the Clerk and Deputy Clerk through the use of the "/s/". *See* Mot., Ex. B. The actual bankruptcy petition was time stamped 9:25, ten minutes after the sale was scheduled, and is not the same document that was faxed to the state court. *Compare*

Mot., Ex. B *with* Mot., Ex. C. Judge Peck was assigned to that case, 12-11703 (the "First Bankruptcy").

On June 21, 2012, in the First Bankruptcy, Judge Peck granted VNB relief from stay and advised VNB to go forward with its foreclosure. *See* Mot., Ex. D. According to VNB, the involuntary case was kept open in order to prevent a second involuntary filing. At the June 21, 2012 hearing before Judge Peck, the Clerk of the Court allegedly testified that he did not sign the documents that were presented to the referee as involuntary petitions and Judge Peck asked the United States Trustee to advise the Department of Justice regarding the filing of these involuntary petitions.

VNB states that it re-noticed the foreclosure sale for July 24, 2012 at 9:15 am and allegedly checked the electronic docket on the morning of the sale in order to verify that no petitions had been filed. This involuntary petition is stamped on July 23, 2012 at 5:11 pm but was not uploaded to the court's electronic docket by the clerk's office until 9:12 am the following day.

Benjamin Herbst, an individual who has previously filed fraudulent involuntary petitions in this Court (*see* Case No. 11-37738-cgm, Trans. of Apr. 3, 2012, ECF No. 26) appeared at the foreclosure sale and bid on the property. *See* Bluestein Aff. at ¶ 7, Ex. C., ECF No. 15. Ultimately, VNB offered the highest and winning bid at the sale. *See* Blustein Aff., Ex. C. After the foreclosure sale, Mr. Herbst telephoned VNB's counsel. *See* Bluestein Aff., Ex. C. In that conversation, Mr. Herbst admitted to being affiliated with Central Park & Green Hill, the petitioning creditor in the First Bankruptcy. *See* Bluestein Aff., Ex. C. When questioned about the involuntary petitions, Mr. Herbst allegedly stated that he engages an ex-FBI agent named

Colvill, who specializes in deliberately delaying foreclosures by engaging in multiple filings. *See* Blustein Aff., Ex. C.

VNB has submitted as exhibits to its motion to strike, internet printouts showing that the New York State Department of State, Division of Corporations has no record of Lucky Contracting and that the address provided as that of the petitioning creditor is registered to a check cashing business. *See* Mot., Ex. G. Additionally, the address used by petitioning creditor is registered to a check cashing business and not a contracting company. *See* Mot., Ex. H.

After filing this motion to strike, VNB's attorney received a fax that purports to be from an attorney named Jon A. Lefkowitz. *See* Raiche Aff. at ¶ 3, ECF No. 16. The fax states that Mr. Lefkowitz represents creditors of the Debtor and asks the state court judge handling the foreclosure action to recognize that the bankruptcy stay is in effect and that the order should not be signed. *See*. Raiche Aff., Ex. 1.

VNB argues that this petition was filed by someone who does not exist with the purpose of delaying the foreclosure sale. VNB seeks to have this petition dismissed *nunc pro tunc* to the filing date and declared void *ab initio*.

## Discussion

VNB has demonstrated collusion between the petitioning creditor and the Debtor in an effort to delay or prevent the foreclosure of Debtor's property. The business "Lucking Contracting Co." is not registered with the state of New York; the petitioning creditor's address is a check cashing business and not a contracting business. *See* Mot., Ex. G- I. All mail sent to the petitioning creditor by the Court or VNB has been returned unopened and VNB provided evidence that the petitioning creditor and Lucky Contracting Co. do not exist. *See* Ntc. Returned Mail, ECF No. 13.

The Court finds the evidence presented by VNB to be credible. Mr. Herbst, the man alleged to be behind this fraudulent scheme, has previously admitted to this Court that he has a network of approximately fifteen lawyers that he works in conjunction with to file involuntary petitions in order to stop foreclosure and evictions in state court. *See* Case No. 11-37738-cgm, Trans. of Apr. 3, 2012 hearing, ECF No. 26, at 14. At a hearing held on April 3, 2012 on a similar involuntary petition, the Court took evidence and heard testimony that Mr. Herbst stole the identity of a lawyer by writing letters on that lawyer's letterhead, filing papers electronically through the use of his username and password, and appearing in court under the lawyer's name, without the lawyer's knowledge or consent. *See* Case No. 11-37738-cgm, Trans. of Apr. 3, 2012 at 18-21.

Based upon the evidence presented by VNB in this case, the Court finds that the involuntary petition filed against Central Park Estates, LLC was baseless and that this petition has been filed in bad faith. By filing the petition as an involuntary one, a debtor can reap the benefits of the automatic stay while assuming none of the burdens usually associated with a bankruptcy filing. In such a filing,

> a 'friendly' creditor files an involuntary petition with no intention of serving the debtor or seeking an order for relief but with the intent of frustrating the rights of a secured creditor or any other creditor whose state court remedies are stayed until the case is closed. In such a case there may be no impact upon the debtor, since no order for relief is entered, the credit agencies and creditors are not notified, the debtor and his property do not become subject to the jurisdiction of the Bankruptcy Court and the debtor is not required to do anything. But creditors may be harmed because the mere filing of an involuntary petition invokes the automatic stay.

*In re Grossinger*, 268 B.R. 386, 387 (Bankr. S.D.N.Y. 2001).

When an involuntary petition is found by a bankruptcy court to be filed in bad faith and in collusion with the debtor, the traditional remedy is dismissal of the case. *See In re WLB-RSK*

*Venture*, 296 B.R. 509, 515 (Bankr. C.D. Cal. 2003) (dismissing involuntary petition after a finding that it was filed against the debtor as a litigation tactic); *In re Manhattan Industries, Inc.*, 224 B.R. 195, 201 (Bankr. M.D. Fla. 1997). Likewise, there are court decisions dismissing petitions after a determination that the petitioning creditor lacked standing to file the petition. *See Manhattan Industries*, 224 B.R. at 199. Courts have also sanctioned attorneys under Federal Rule of Bankruptcy Procedure 9011 for filing false involuntary petitions. *See In re Grossinger*, 268 B.R. 386, 389 (Bankr. S.D.N.Y. 2001). Alternatively, a creditor may seek "in rem" relief from the automatic stay by showing that the petitions part of a scheme to hinder, delay and defraud pursuant to § 362(d)(4)(B); and bankruptcy courts have the power to grant a judgment against any petitioner that filed the petition in bad faith, for any damages proximately caused, or for punitive damages. 11 U.S.C. § 303(i); *Grossinger*, 268 B.R. at 390; *In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009).

None of these remedies provide VNB with complete relief in this case. This involuntary petition was filed by a fictitious person for the sole purpose of preventing the pending foreclosure sale. Sanctioning this person monetarily would serve no practical purpose as VNB has no ability to collect against a person who does not exist. Dismissal of the case is equally inappropriate as it would further serve the fraudulent purpose of this filing—by legitimizing the automatic stay that came into effect upon filing and voiding the state foreclosure sale. In order to remedy this filing appropriately, the Court agrees that dismissal of the case *nunc pro tunc* to the date of filing and voiding the filing *ab initio* are the only appropriate remedies.

Involuntary petitions may only be filed by an *entity* holding a *claim* against the debtor. *See* 11 U.S.C. § 303(b) (emphasis added). Because there is no evidence that the petitioning creditor exists, he cannot be an "entity" within the meaning of § 303(b) and thus, this petition

could never have been filed. The Second Circuit has upheld the bankruptcy court's power to dismiss cases as void *ab initio*, thereby erasing the automatic stay, where voluntary debtors have abused the bankruptcy process. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 329 (2d Cir. 1999); *see also Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 169 (2d Cir. 2010) ("Having concluded that no case had commenced and no automatic stay had been triggered . . . , the bankruptcy court chose as the appropriate method of disposing of the matters to exercise its equitable powers under 11 U.S.C. § 105(a) and strike the debtors' petitions."). Similarly, in *In re Albert*, the bankruptcy court dismissed a bankruptcy proceeding *nunc pro tunc* as to the filing date and declared the case void *ab initio*, where it determined that a chapter 7 was filed during the pendency of a chapter 13 case for the purpose of staying a foreclosure sale. *See In re Albert*, 2011 WL 1594953, at *1, *3 (E.D.N.Y. Apr. 26, 2011). The decision was upheld by the district court. *Id.* at *4. The result should be no different in an involuntary proceeding.

Not only is VNB harmed by this petition but schemes such as this harm the entire legal system. State court officials routinely rely on the integrity of bankruptcy petitions when determining whether an action in their court is stayed. Fraudulent filings also call into question the filings of honest debtors. It would be inequitable to allow such a filing to stand. Because the Bankruptcy Code permits a bankruptcy court to dismiss involuntary petitions that were filed in bad faith, enter judgments against petitioning creditors, and sanction attorneys who file false documents, this Court, in accordance with its inherent powers under 105(a), must also have the power to "undo" the effects of a petition that was improperly filed when no other remedy suffices. *See* 11 U.S.C. § 303(i-j); 11 U.S.C. § 105(a). *See Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 169 (2d Cir. 2010); *see also Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 342 (2d Cir. 1999).

## Conclusion

For the foregoing reasons, this involuntary petition is dismissed *nunc pro tunc* to the date of filing and is void *ab initio*.


Dated: Poughkeepsie, New York
      January 16, 2013      /s/ Cecelia G. Morris
                                      CECELIA G. MORRIS
                                      CHIEF UNITED STATES BANKRUPTCY JUDGE